Anthony McGee (pro se)
1025 McKay Dr.#37
San Jose, Ca 95131
Phone: (707)294-4789
email: amcgee70@yahoo.com

Hercules Police Department/City of Hercules
111 Civic Dr.
Hercules, CA 94547
Phone: N/A
email: N//A

FILED

OCT 10 2023

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# IN THE UNITED STATES DISTRICT COURT
# FOR
# THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **ANTHONY MCGEE**<br>Plaintiff,<br><br>V<br><br>**THE CITY OF HERCULES**<br>**HERCULES POLICE DEPARTMENT**<br>**UNNAMED DEFENDANTS**<br>Defendants, | CASE NO.<br>COMPLAINT<br><br>C23-05161 |

May this Court please take notice that Plaintiff (aka Anthony McGee) will move this Court to preside over matters that invoke questions of Federal law that would need to be resolved in a United States District Court. Plaintiff in fact and law, do affirmatively allege that violations to his rights afforded under The United States Constitution, did occur at the behest or proximate cause being attributable to the above-mentioned Defendants in this case, as well as others that may be added at a later time.

      This motion is made with a good-faith effort, and not a means to harass or waste sparse judicial resources in the adjudication of claims presented in this complaint. The Plaintiff alleging acts

committed while operating through employment or official capacity, being designated under the color of authority, by officials that work with or on behalf of The City of Hercules, which is located in Hercules California.

**1. The defendants did violate Plaintiff's Fourth Amendment right against unlawful searches and seizures, in so doing, violated the Plaintiff's Fifth Amendment right to a due process of law while performing such task under the color of authority.**

2. On or about September the 15th, 2023 the Plaintiff did enter the building located at 111 Civic Dr. in Hercules, Ca also known as The City Hall for The City of Hercules.

3. Inside the greater entrance area of the building where The City Hall for The City of Hercules is located, immediate to the right field of vision exist a divisional section of that building, that has been designated exclusively for officers or other law enforcement personnel that work for or on behalf of The Hercules Police Department.

4. On or about the morning of September 15th, 2023 The Plaintiff did in fact speak with a commanding officer by the name of Dwayne Collard who did inform The Plaintiff that he was out of compliance with the Sex Offender Registration Laws of California Penal Code section 290.

5. Immediately upon the conclusion of criminal accusations lodged against the Plaintiff by Hercules Police Department Commander Collard, Plaintiff requested an opportunity to rebut those unsupported

6. The questions posed to Plaintiff by the commanding officer required an affirmative response to such questions or a denial from the Plaintiff as it relates to criminal culpability.

7. During a brief investigative questioning posed to Plaintiff by the commanding officer, predicated upon a potential civil court order violation, unequivocally would require a law enforcement officer to enforce such compliance by way of court order.



8. Presumably this court order one of which would have been issued upon a the criminal record of the Plaintiff, or a transcript of such proceeding where Plaintiff must have alleged to have been convicted of a sexually based offense enumerated and identified as a 'registerable offense" in The California Penal Code, section 290.

9. For the allegations of being a subject burdened with the registration requirements of the Sex Offender Registration and Notification Act, or similar acts adopted by The People for The State of California, would have issued from a Superior Court, who at that time, pronounced judgment over the Plaintiff in a criminal case where he would have been found to be guilty by either admission or the conclusion of a criminal trial.

10. Any such order would impose an additional requirement to register for life per Penal Code section 290, during the sentencing phase after being convicted of a registerable offense in a court of The California Superior Court, Criminal Division.

11. According to the commanding officer that apprised the Plaintiff of his Cal. Penal Code section 290 non-compliant registration violation, a conviction for a sex offense must have been clearly identified during a criminal background query, along with a court order to register, and a copy of such acknowledgment or refusal by the Plaintiff.

12. The issuance of these documents or other documents issued to a person who being previously convicted of a sexually based offense listed in penal code section 290, one of which required a lifetime registration, would effectively require an arrest 'on-scene' for any witnessed or known non-compliance at the time Plaintiff's alleged violation to the California Penal Code Section 290 occurred in the objective view of the witnessing officer.

PG 3

13. In the duration of time the Plaintiff was under criminal investigation for the alleged Cal. P.C. 290 violation, the Plaintiff was never presented with a court order, abstract of judgment, juvenile court order, judgment of commitment, sentencing transcript, etc. by any officer that works for or on behalf of the Hercules Police Department.

14. During the entirety of the criminal investigation conducted by the commanding officer, Plaintiff was never presented with any legally sufficient basis for demanding such compliance with registration requirements per Cal. Pen. Code section 290.

15. The Plaintiff, while being interrogated by commander Collard, was not presented with facts that would support a basis for a continued detention or an arrest for violating the terms or conditions of the Sex Offender Registration Act or any other sex offender registration requirement that is utilized by The California Department of Justice.

16. Upon the conclusion of his legal presentation of facts that would militate against any compliance with Cal. Penal Code section 290, Plaintiff did in fact provide Commander Collard with a copy of those specific reasons adopted by the Plaintiff.

17. The commanding officer received the document that Plaintiff drafted of which was purported to include several legal basis that would tend to support the Plaintiff's version of the controlling law governing such cases or that may include similar circumstance that may be analogous to Plaintiff's case.

18. The Plaintiff was told by at least two (2) of (3) officers present at that time, that he was being placed under arrest for failing to register as a sex offender on account that he was out of compliance.

19. The Plaintiff was never presented with any information that was legally binding upon him to recognize that he was a subject of any registration requirements, that legally binding information being issued by any court at any time.

20. The Plaintiff adamantly insisted upon his immediate release from the department issued restraints that was placed on him in order to effectuate an arrest, to be subsequently thereafter transported to Contra Costa County Jail and booked into that jail by the Contra Costa County Sheriff's Department.

21. Each and every act performed or discharged as a duty by the above mentioned defendants in this case was carried out under the color of authority.

22. Because the commanding officer, and the two patrol officers never supplied the Plaintiff with the necessary legal basis to make the determination that the Plaintiff was out of compliance, coupled with the fact the Plaintiff did not willingly agree to be arrested for such heinous accusations, these actions violated **42 U.S.C. 1983** while being an officer of the law that performed such acts under the false notion or **COLOR OF AUTHORITY.**

23. **WHILE ACTING UNDER THE COLOR OF AUTHORITY** pursuant to 42 U.S.C. 1983 as it relates to each and every officer or deputy that was apprised of the underlying facts that were operative during the Plaintiff's detention, arrest, transport, and transfer of custody to the Contra Costa County Sheriff, knew or should have known that it was against the law and a flagrant and egregious misuse of such authority.

24. These actions, that were willfully and knowingly committed against the public and private person of the Plaintiff, when viewed in the criminal context, would satisfy all the elements necessary to prove a kidnapping charge upon a criminal complaint, information or indictment in a United States District Court.

25. The Plaintiff was booked into the Contra Costa County Jail for failure to register as a sex offender without a criminal conviction for such offense on his criminal record.

26. After posting bail from the Contra Costa County Jail, the Plaintiff did return to The Hercules Police Department to submit to a forced by coercion registration, out of fear for his liberty and freedom from undue attention and harassment to comply with Cal. Penal Code section 290.

27. Prior to wet signatures being applied to terms and conditions specifically relating to sex offender registration, the Plaintiff did proffer to the registering officer several grounds or reasons that he was not obligated to register and as such was being forced to comply with such wording or conditions presented to him at that time.

28. In spite of the plethora of information that was willfully displayed to the registering officer who was charged with the duty to register the Plaintiff as a registered sex- offender, the Plaintiff still was not able to convince or influence the decision-making of that officer as he continued to process the registration.



## RELIEF SOUGHT

For taking actions against the Plaintiff, without investigating with any serious concerted effort to dispose of the conflict of information duly presented to each officer or deputy involved in this case, for failing to acknowledge plain and clear inconsistencies with the applications of penal code section 290 as it relates to the Plaintiff, for being a law enforcement officer enforcement, that did not carefully investigate the damaging statements and actions taken against the Plaintiff prior to the false arrest that occcured. For clearly being deliberately indifferent to the emotional pain and suffering borne by the Plaintiff on account of these actions that continues to have a financial strain on the Plaintiff as well as his wife and other areas of his life that have no way of mending,

the Plaintiff therefore demands a monetary compensation for the injury to his public image by reason of libel or slanderous statements that were of a defamatory nature and continues to have an injurious effect upon the Plaintiff. A **_six-hundred million ($600,000,000.00)US dollar_** monetary relief or judgment is being requested by the Plaintiff against the Defendants for their role in this civil complaint.

## CONCLUSION

The Plaintiff is requesting a jury trial in the event that the Defendants do not wish to settle upon the demands sought for in this complaint. The Plaintiff is not willing to participate in any ADR (Alternative Dispute Resolution) processes that would further obstruct justice and accountability for the actions taken against Plaintiff. Plaintiff does not intend to settle at anytime other than the moment an agreement to the demand has been reached by all Parties involved in this case.

Respectfully Submitted,

Anthony S. McGee ASM

*[signature]* 10/10/23

PG7