UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MCGEE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>THE CITY OF HERCULES, et al.,<br><br>　　　　Defendants. | Case No. 23-cv-05161-TSH<br><br>**ORDER DENYING REQUEST TO APPOINT COUNSEL**<br><br>Re: Dkt. No. 40 |

On July 29, 2024, the Court stayed this matter pending the conclusion of supervised release proceedings in *United States v. McGee*, 3:12-cr-00052-EMC. ECF No. 35. Plaintiff has now filed a motion for appointment of counsel, stating the proceedings in 12-0052 have concluded, he is serving a twelve-month sentence, and he would like the Court to appoint counsel "to settle the case" due to the "unavailability of [his] presence until at least April of next year." ECF No. 40.

Generally, a person has no right to counsel in civil actions. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citation omitted). However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants. *Id.* (citation omitted). To obtain appointment of pro bono counsel, a litigant must be proceeding in forma pauperis and lack the financial resources to retain counsel. *Id.* "When determining whether 'exceptional circumstances' exist, a court considers 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Neither of these considerations is dispositive; rather, they must be viewed together. *Id.* (citation omitted). Additionally, to be eligible for appointed counsel, an indigent plaintiff must first make "a

reasonably diligent effort to secure counsel." *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993) (citing *Bradshaw v. Zoological Soc'y of San Diego*, 662 F.2d 1301, 1319 (9th Cir. 1981)).

At this early stage in the litigation, the likelihood of Plaintiff's success on the merits is unclear. Further, Plaintiff has thus far sufficiently articulated his claims pro se and the issues do not appear to be unduly complex. The Court also notes that Plaintiff is actively prosecuting his other cases pending in this District without representation, including filings as recently as September 18. *See* Mot. to Amend, ECF No. 19, *McGee v. Alameda County Sheriff's Department*, 3:24-cv-04588-LB. Accordingly, the Court finds exceptional circumstances do not exist for appointment of counsel, and Plaintiff's request is therefore **DENIED**.

The stay in this case remains in effect. If Plaintiff wishes to prosecute this case on his own, he may so inform the Court and request that the stay be lifted.

**IT IS SO ORDERED.**

Dated: September 23, 2024

THOMAS S. HIXSON
United States Magistrate Judge