UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MCGEE,<br><br>        Plaintiff,<br><br>    v.<br><br>THE CITY OF HERCULES, et al.,<br><br>        Defendants. | Case No. 23-cv-05161-TSH<br><br>**ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. No. 29, 31, 36 |

## I.   INTRODUCTION

Pending before the Court is a Motion for Judgment on the Pleadings brought by Defendants City of Hercules and Hercules Police Department pursuant to Federal Rule of Civil Procedure 12(c). ECF No. 29. Plaintiff Anthony McGee filed an Opposition (ECF No. 58) and Defendants filed a Reply (ECF No. 60). The Court finds this matter suitable for disposition without oral argument. *See* Civ. L.R. 7-1(b). For the reasons stated below, the Court **DENIES** Defendants' motion.[1]

## II.   BACKGROUND

On or about September 15, 2023, Plaintiff Anthony McGee entered the City Hall for the City of Hercules, California, which contains a section for employees of the Hercules Police Department ("HPD"). Compl. ¶¶ 2, 3, ECF No. 1. Plaintiff alleges that on the morning of September 15, 2023, he spoke with an HPD commanding officer named Dwayne Collard, who informed Plaintiff that he was out of compliance with the provisions of California Penal Code §§ 290 *et seq*, the Sex Offender Registration Act ("the Act"). *Id.* ¶ 4. Plaintiff alleges he did not

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 3, 12.

have a conviction on his criminal record for an offense that would require him to register. *Id.* ¶ 25. Plaintiff requested an opportunity to rebut what he had been told and provided the officer a copy of Plaintiff's reasons why he believed he was not required to comply with the Act. *Id.* ¶¶ 5, 16, 17.

Three officers were present at the time. *Id.* ¶¶ 19, 22. At least two of the three officers present told Plaintiff he was being placed under arrest for failing to register as a sex offender. *Id.* ¶ 18. Plaintiff was restrained and insisted upon his immediate release. *Id.* ¶ 20. Plaintiff was then transported to Contra Costa County Jail and booked by the Contra Costa County Sheriff's Department for failure to register as a sex offender. *Id.* ¶ 25. Plaintiff alleges that none of the officers informed Plaintiff of their legal basis to determine that Plaintiff was out of compliance with the Act. *Id.* ¶ 22. Plaintiff alleges he was never presented with a sufficient legal or factual basis for Officer Collard to demand compliance with the registration requirements of the Act, or to arrest Plaintiff for violating the terms or conditions of the Act. *Id.* ¶¶ 13–15, 19.

Plaintiff posted bail from the Contra Costa County Jail. *Id.* ¶ 26. Plaintiff later returned to the Hercules Police Department to register under California Penal Code § 290. *Id.* Plaintiff alleges that he registered under coercion and "out of fear for his liberty and freedom from undue attention and harassment[.]" *Id.* Plaintiff alleges that he proffered several reasons he was not obligated to register to the registering officer before applying his signature to the terms and conditions of the registration. *Id.* ¶ 27. Plaintiff was not able to convince the officer processing the registration that he was not required to register under the Act. *Id.* ¶ 28. The officer continued to process the registration. *Id.*

Plaintiff alleges that his detention, arrest, transport and transfer of custody to the Contra Costa County Sheriff were a misuse of authority and against the law. *Id.* ¶ 23. Plaintiff alleges that each of the officers and deputies that knew about the facts underlying these actions was acting under the color of authority and knew or should have known that those actions were against the law and a misuse of authority. *Id.*

On October 10, 2023, Plaintiff filed this action in this Court against the City of Hercules, HPD and unnamed defendants, alleging a constitutional violation under 42 U.S.C. § 1983. *Id.*

¶ 22. Plaintiff seeks six hundred million dollars in damages. *Id.* at 7 (Relief Sought). On November 21, 2023, Defendants filed an answer to Plaintiff's complaint. ECF No. 11. On July 11, 2024, Defendants City of Hercules and HPD filed the instant Motion for Judgment on the Pleadings. ECF No. 29.

On January 25, 2024 and July 29, 2024, Plaintiff's case was stayed pending the conclusion of supervised release proceedings in *United States v. McGee*, No. 3:12-cr-00052-EMC, a criminal action in this district in which Mr. McGee is the defendant. ECF Nos. 19, 35. On October 8, 2024, the Court granted Plaintiff's motion to lift the stay of proceedings and to proceed with briefing on Defendants' Motion for Judgment on the Pleadings. ECF No. 43.

### III.   LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is properly granted when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (brackets and internal quotation marks omitted). Like a motion to dismiss under Rule 12(b)(6), a motion under Rule 12(c) challenges the legal sufficiency of the claims asserted in the complaint. *Id.* Indeed, a Rule 12(c) motion is "functionally identical" to a Rule 12(b)(6) motion, and courts apply the "same standard." *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) (explaining that the "principal difference" between Rule 12(b)(6) and Rule 12(c) "is the time of filing"); *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011).

Judgment on the pleadings should thus be entered when a complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule

12(c) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

A district court generally may not consider materials outside the pleadings in deciding a motion under Rule 12(c), and if such materials are presented and not excluded, the motion must be treated as a motion for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d). A district court may, however, consider the following materials without converting a Rule 12(c) motion to a Rule 56 motion: "(1) exhibits to the nonmoving party's pleading, (2) documents that are referred to in the non-moving party's pleading, or (3) facts that are included in materials that can be judicially noticed." *Yang v. Dar Al-Handash Consultants*, 250 F. App'x 771, 772 (9th Cir. 2007).

"If the Court determines that judgment on the pleadings is warranted, it must then decide whether to grant leave to amend." *Jackson v. CEVA Logistics*, No. 19-cv-07657-LHK, 2020 WL 6743915, at *3 (N.D. Cal. Nov. 17, 2020) (citing *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1135 (9th Cir. 2012)). "Dismissal without leave to amend is appropriate only when the Court is satisfied that an amendment could not cure the deficiency." *Harris*, 682 F.3d at 1135 (reversing district court's dismissal under Rule 12(c) because plaintiffs should have been given opportunity to amend).

## IV.   DISCUSSION

### A.   Requests for Judicial Notice (ECF Nos. 31, 36)

Federal Rule of Evidence 201 allows the Court to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Courts may consider "matters of public record" in deciding a motion to dismiss. *Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F.3d 1036, 1042 (9th Cir. 2015) (quoting *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010)).

#### 1.   Defendants' Requests for Judicial Notice

Defendants ask the Court to take judicial notice of two records:

1. Order on Government's Motion to Revoke Defendant's Supervised

4

|   |   |
|---|---|
| 1 | Release issued by U.S. District Judge Edward Chen in *United States v. McGee*, No. 3:12-cr-00052-EMC-1, a criminal case currently pending in the Northern District of California and on appeal before the Ninth Circuit. No. 12-cr-52-EMC-1, ECF No. 258 (N.D. Cal. Aug. 15, 2023), *appeal docketed*, No. 24-5532 (9th Cir.). |
| 2 | |
| 3 | |
| 4 | 2. Sex Offender Registration form, signed and dated September 25, 2023. |

ECF Nos. 31 (Defs.' Req. for Judicial Notice); Ex. A to Defs.' Req. for Judicial Notice, ECF No. 31 at 5–12 (Order on Mot. to Revoke Supervised Release); Ex. B to Defs.' Req. for Judicial Notice, ECF No. 31 at 13–20 (signed Sex Offender Registration form).

Plaintiff argues that the Court should not consider these records because Defendants did not include these documents as part of their answer to Plaintiff's complaint. Opp'n at 2; *see* ECF No. 11 (Defs.' Answer to Compl.). Whether a defendant included a document or made an argument in a previously filed answer has no bearing on what a district court may consider in deciding a motion for judgment on the pleadings. *See Yang*, 250 F. App'x at 772 (allowing a district court to consider "facts that are included in materials that can be judicially noticed[,]" in addition to the nonmoving party's pleading and any exhibits attached to or incorporated by reference in that pleading).

The Court takes judicial notice of Judge Chen's Order on Motion to Revoke Defendant's Supervised Release because it is a matter of public record that is not subject to reasonable dispute. *See Harris*, 682 F.3d at 1132 (internal citations omitted) (courts "may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts.") (cleaned up).

The Court declines to take judicial notice of the signed Sex Offender Registration form, as its contents are subject to reasonable dispute. *See* Compl. ¶¶ 26 (alleging that Plaintiff was "forced by coercion" into completing registration). However, Plaintiff's complaint references what he describes as his coerced registration on September 25, 2023 as a sex offender pursuant to California Penal Code § 290. *See id.* ¶¶ 26–28. Plaintiff does not dispute the authenticity of the Sex Offender Registration form. *See generally* Opp'n. Accordingly, the Court considers Mr. McGee's signed Sex Offender Registration form, dated September 25, 2023, as incorporated by reference in Plaintiff's complaint. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir.

1   2001) ("documents . . . not physically attached to the complaint" "may be considered if the

2   documents' 'authenticity . . . is not contested' and 'the plaintiff's complaint necessarily relies' on

3   them.").

### 2. Plaintiff's Requests for Judicial Notice

5   Mr. McGee asks the Court to take judicial notice of the following cases in which he is a

6   party:

> 1. McGee v. Enfante et al, No. 3:23-cv-00375-AGT (N.D. Cal.).
> 2. McGee v. Milpitas Police Department, No. 5:23-cv-02559-VKD (N.D. Cal.).
> 3. McGee v. Bonta et al, No. 5:23-cv-02831-PCP (N.D. Cal.)
> 4. McGee v. Palo Alto Police Department et al, No. 5:22-cv-09094-NC (N.D. Cal.).
> 5. McGee v. City of Palo Alto et al, No. 3:23-cv-02113-JD (N.D. Cal.).
> 6. McGee v. Alameda County Sheriff Department, No. 3:24-cv-00949-JD (N.D. Cal.), *appeal docketed*, No. 24-7593 (9th Cir.).
> 7. McGee v. Alameda County Sheriff Dept., No. 3:24-cv-04588-CRB (N.D. Cal.).
> 8. McGee v. Santa Clara County District Attorney Office et al, No. 3:24-cv-02608-CRB (N.D. Cal.), *appeal docketed*, No. 24-5356 (9th Cir.).
> 9. McGee v. Oakland Police Department et al, No. 3:24-cv-07044-CRB (N.D. Cal.).
> 10. United States v. McGee, No. 3:12-cr-00052-EMC (N.D. Cal.) (July 26, 2024 exhibits entered into the record), *appeal docketed*, No. 24-5532 (9th Cir.).
> 11. The People v. Antoine McGhee, 22-cr-003383 (Alameda County)
> 12. The People v. Anthony McGee, B2300636 (Santa Clara County)

18  Pl.'s First Req. for Judicial Notice, ECF No. 36.

19  The Court takes judicial notice of the fact that Plaintiff is a party in the above-listed cases.

20  To the extent Plaintiff requests that the Court take judicial notice of all records filed on the docket

21  for those cases, the Court declines to take judicial notice.

22  As to *United States v. McGee*, No. 3:12-cr-00052-EMC, Plaintiff seeks judicial notice of

23  the "July 26, 2024 exhibits entered into the record." Pl.'s First Req. for Judicial Notice at 2.

24  There are several docket entries that pertain to a July 26, 2024 evidentiary hearing in that case,

25  including a minute entry noting that "Exhibits 3, 1, 2, 4, 5, 6, 7, 10, B, and 8" were admitted into

26  the record. *United States v. McGee*, No. 3:12-cr-00052-EMC, ECF No. 298 (Amended Crim.

27  Minutes for July 26, 2024); *see also* No. 3:12-cr-00052-EMC, ECF Nos. 297 (minute entry for

28  proceedings held on July 26, 2024), 314 (transcript order for July 26 proceedings), 320 (transcript

6

1  of proceedings), 323 (sealed transcript of proceedings). None of these entries include a copy of
2  the exhibits, and the Court has been unable to determine whether they were filed elsewhere on the
3  docket. Accordingly, the Court is unable to determine whether judicial notice of the exhibits
4  entered into the record in *United States v. McGee* on July 26, 2024 is proper. Plaintiff's request
5  that the Court take judicial notice of these documents is thus denied.

### 3. Exhibits Offered in Support of Plaintiff's Opposition

Plaintiff attaches several exhibits to his opposition to Defendants' motion. ECF No. 58 at 11–138 (pagination refers to ECF header). Plaintiff does not identify or describe any of these documents in the declaration he filed in support of his opposition, nor does he include any individualized description of these exhibits. ECF No. 58 at 7–10 (McGee Decl.) (pagination refers to ECF header). These attached exhibits have thus not been sufficiently authenticated for the Court to determine whether any of these documents may be incorporated by reference in Plaintiff's complaint or whether judicial notice is proper for any of these documents. Because the Court may not consider materials outside the pleadings unless they are incorporated in Plaintiff's complaint or have been judicially noticed, the Court does not consider these exhibits in deciding the instant motion.

### B. Motion for Judgment on the Pleadings (ECF No. 29)

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). "[M]unicipalities and other local government units . . . [are] among those persons to whom § 1983 applies." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). The Civil Rights Act, codified at 42 U.S.C. § 1983, provides in relevant part:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

"[A] litigant complaining of a violation of a constitutional right does not have a direct cause of

1  action under the United States Constitution but must utilize 42 U.S.C. § 1983." *Arpin v. Santa*
2  *Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001). Plaintiff does not clearly
3  articulate what his claim is for, but asserts that Defendants' actions violated 42 U.S.C. § 1983.
4  Compl. ¶¶ 22, 23. Based on the facts alleged in Plaintiff's complaint, the Court construes his
5  complaint to allege a claim under Section 1983 for unlawful arrest in violation of the Fourth
6  Amendment of the U.S. Constitution. *See id.* ¶¶ 4, 13–16, 18–23, 25.

      **1.**    **Kauffroath Declaration (ECF No. 30)**

In support of their motion, Defendants submit the declaration of Corporal Karson Kauffroath of the Hercules Police Department. ECF No. 30. In this declaration, Kauffroath describes the databases and other sources of information on which Kauffroath relied before deciding to arrest Mr. McGee. *Id.* ¶¶ 5-8. However, in deciding a motion for judgment on the pleadings, "the court may only consider the complaint, documents incorporated by reference in the complaint, and judicially noticed facts." *Evolutionary Intel., LLC v. Sprint Nextel Corp.*, 137 F. Supp. 3d 1157, 1163 (N.D. Cal. 2015), aff'd, 677 F. App'x 679 (Fed. Cir. 2017); *see also Yang*, 250 F. App'x at 772. "[A] declaration is not appropriate for the court to consider on a . . . motion for judgment on the pleadings." *Evolutionary Intel.*, 137 F. Supp. 3d at 1163.

Defendants contend in their motion that the facts set forth within the declaration are incorporated by reference in Plaintiff's complaint because Plaintiff "references his conversation with [HPD] officers, and the officers' reliance on the CLETS criminal database and records check in his Complaint." upon the database and records check described in the Kauffroath declaration. Mot. at 3–4 (citing Compl. ¶¶ 4–7, 11, 18). Defendants offer no legal authority supporting their broad reading of incorporation by reference. Meanwhile, allowing the moving party to provide its own version of the facts via declaration undermines the requirement that a court accept all factual allegations in the complaint as true in deciding a motion for judgment on the pleadings. *See Chavez*, 683 F.3d at 1108. Moreover, Plaintiff's complaint does not actually allege that the officers relied on any databases or criminal records check. *See generally* Compl. Plaintiff's allegation that HPD officers informed Plaintiff he was being arrested "for failing to register as a sex offender on account that he was out of compliance[,]" Compl. ¶ 18, is insufficient to bring in

1    the database and records check described in Kauffroath's declaration. The Court thus finds that

2    neither the Kauffroath declaration nor any facts set forth within the declaration were incorporated

3    by notice in Plaintiff's complaint. The Court declines to treat Defendants' motion as a motion for

4    summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d).

5        Accordingly, the Court does not consider the Kauffroath declaration in deciding

6    Defendants' motion for judgment on the pleadings.

       **2.**    **Fourth Amendment False Arrest Claim Under Section 1983**

8        "A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth

9    Amendment, provided the arrest was without probable cause or other justification." *Dubner v.*

10    *City & Cnty. of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001). "Probable cause to arrest exists

11    when officers have knowledge or reasonably trustworthy information sufficient to lead a person of

12    reasonable caution to believe that an offense has been or is being committed by the person being

13    arrested." *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007). "Probable cause is an

14    objective standard." *Id*. "[A]n arresting officer's state of mind (except for the facts that he

15    knows) is irrelevant to the existence of probable cause." *Devenpeck v. Alford*, 543 U.S. 146, 153

16    (2004). "Conclusive evidence of guilt is not necessary to establish probable cause." *McKenzie v.*

17    *Lamb*, 738 F.2d 1005, 1008 (9th Cir. 1984). "[P]robable cause requires only a probability or

18    substantial chance of criminal activity, not an actual showing of such activity." *Illinois v. Gates*,

19    462 U.S. 213, 245 n.13 (1983). However, "[m]ere suspicion, common rumor, or even strong

20    reason to suspect are not enough" to establish probable cause. *Id.*

21        The determination of whether probable existed to support an arrest is objective. *See*

22    *Devenpeck v. Alford*, 543 U.S. at 153 (2004) (the officer's "subjective reason for making the arrest

23    need not be the criminal offense as to which the known facts provide probable cause"); *District of*

24    *Columbia v. Wesby*, 583 U.S. 48, 54 n.2 (2018) ("Because probable cause is an objective standard,

25    an arrest is lawful if the officer had probable cause to arrest for any offense, not just the offense

26    cited at the time of arrest or booking.").

       **a.**    **Probable Cause**

28        California's Sex Offender Registration Act (the "Act"), California Penal Code §§ 290 *et*

*seq*, generally requires individuals convicted of certain violations of the California Penal Code to register with the chief of the police of the city in which the individual is residing, unless the duty to register is terminated. Cal. Penal Code § 290(a)-(c). Section 290.013(a) of the Act requires that individuals subject to the requirements of the Act register at their new address within five working days. Failure to register as a sex offender is a general intent crime under California law. *See, e.g.*, *People v. Bejarano*, 180 Cal. App. 4th 583, 589 (2009) ("The failure to register is, as the trial court observed, a general intent crime."); *People v. Johnson*, 67 Cal. App. 4th 67, 72 (1998) ("the willful failure to register [under California Penal Code § 290] . . . is unquestionably a general intent offense. No specific intent or other mental state is required."); *see also Bailey v. City of Tustin*, No. 14-cv-1630-JVS-GJS, 2015 WL 13918000, at *7 (C.D. Cal. Nov. 9, 2015) (finding "purported lack of probable cause for wil[l]fulness . . . does not by itself negate probable cause" as to Cal. Penal Code § 290).

Defendants argue they had probable cause to arrest Plaintiff for violation of Penal Code § 290.013(a) because Hercules police officers ran a search of the CLETS criminal database and "relied on the trustworthy information routinely gathered and maintained . . . in the criminal database[.]" Mot. at 7. Defendants argue that "a reasonably cautious person . . . provided with the information that HPD officers had at the time . . . would have a valid reason to believe that Plaintiff had committed a crime." *Id.* at 8. "[T]he government may rely on a computer database to make a probable cause determination." *Gonzalez v. United States Immigr. & Customs Enf't*, 975 F.3d 788, 819 (9th Cir. 2020). *See also Bailey*, 2015 WL 13918000, at *8 (on motion for summary judgment, finding police officer's "reasonable reliance on state criminal records and national sex registry databases" established probable cause of unlawful failure to register as a sex offender in California); *Hadsell v. Sickon*, 2009 WL 1362597, at *4 (D. Or. 2009) (on motion for summary judgment, holding police officer has probable cause to believe plaintiff had unlawfully failed to register as a sex offender based on information received by state police and search of law enforcement data system). Defendants' reasonable reliance on a reliable database could in theory establish probable cause to support an arrest for failure to comply with the requirements of the Act. However, Defendants have filed a motion for judgment on the pleadings. As discussed

10

above, the Court does not consider the Kauffroath declaration in considering Defendants' motion. Meanwhile, the pleadings, incorporated documents and judicially noticed materials do not address the sources on which Defendants relied in deciding to arrest Plaintiff, nor do they address the reliability of those sources. *Gonzalez*, 975 F.3d at 819–20 ("when the government relies *solely* on a computer database to make a probable cause determination, the legality of a resulting seizure or detention 'hinges entirely on the reliability of the computer database.'") (cleaned up, emphasis in original) (quoting *United States v. Esquivel-Rios*, 725 F.3d 1231, 1238 (10th Cir. 2013) (Gorsuch, J.)). Accordingly, the Court cannot find on a motion for judgment on the pleadings that Defendants' reliance on any criminal database gave Defendants probable cause to arrest Plaintiff.

### b. Whether Plaintiff Was Required to Register Under Cal. Penal Code § 290

Defendants argue that judgment on the pleadings is warranted because Plaintiff was, and still is, required to register as a sex offender under the Act. Defendants contend that Judge Chen's August 15, 2023 order on the government's motion to revoke Plaintiff's supervised release in *United States v. McGee*, a criminal case in which Mr. McGee is the defendant, confirms that Mr. McGee remains subject to the Act's registration requirements. Mot. at 5, 8–9. Defendants further assert that judgment should be granted in Defendants' favor because Mr. McGee was not entitled to post-release notification of the registration requirements and never petitioned for removal from the sex offender registry. *Id.* at 10–11.

In the Court's August 15, 2023 order, Judge Chen denied the government's motion to revoke Mr. McGee's supervised release, finding that the government had not demonstrated by a preponderance of the evidence that Mr. McGee's failure to register as a sex offender before May 11, 2023 was willful. No. 3:12-cr-00052-EMC-1, ECF 258 at 8 (Order on Mot. to Revoke Supervised Release). However, Judge Chen concluded that his August 15, 2023 order put Mr. McGee "on notice of his obligation to register [as a sex offender] until at least November 2026." *Id.* Judge Chen ordered Mr. McGee to file an affidavit attesting his compliance with the registration requirement no later than 14 days after the date of the order. *Id.* A month after Judge Chen issued his order, Mr. McGee was arrested for failing to register as a sex offender. Compl.

11

¶¶ 2, 4, 20, 24–25. Judge Chen's order, in conjunction with the facts alleged in Plaintiff's complaint, establishes that Plaintiff was required to register as a sex offender under the Act at the time of his September 2023 arrest.[2]

However, "[i]t is well-settled that a fair and reliable determination of probable cause [is] a condition for any significant pretrial restraint of liberty." *Gonzalez*, 975 F.3d at 819 (quotation omitted). Probable cause to arrest requires "officers [to] have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." *Lopez*, 482 F.3d at 1072. It is not enough to show that information sufficient to establish probable cause exists somewhere in the world; "the government must rely on 'reasonably trustworthy information sufficient to warrant a prudent person in believing' that an individual has committed an offense." *Gonzalez*, 975 F.3d at 819, quoting *Rohde v. City of Roseburg*, 137 F.3d 1142, 1144 (9th Cir. 1998). Although the Court takes judicial notice of Judge Chen's order, there is nothing in the order, pleadings, or any documents incorporated by reference in Plaintiff's complaint to indicate that Defendants knew about Judge Chen's order at the time of Plaintiff's arrest. Defendants offer no legal authority to support the notion that Judge Chen's order gave them probable cause to arrest Plaintiff even if they did not rely on it and were not aware of its existence. Judge Chen's order is thus insufficient to establish probable cause or to warrant judgment on the pleadings as to Plaintiff's unlawful arrest claim. Defendants' other arguments on this ground – that Mr. McGee was not entitled to post-release notification of the registration requirements and never petitioned for removal from the sex offender registry – likewise have no bearing on whether Defendants had probable cause to arrest Plaintiff. The Court thus declines to find that Defendants had probable cause to arrest

---

[2] A subsequent decision revoking Mr. McGee's supervised release and imposing a new sentence is currently on appeal before the Ninth Circuit. *United States v. McGee*, No. 3:12-cr-00052-EMC-1, ECF Nos. 300 (notice of appeal), 301 (minute entry for proceedings held on September 10, 2024). Mr. McGee's pending appeal of Judge Chen's September 10, 2024 decision does not affect the finality of his judgment that Mr. McGee was required to register as a sex offender under the Act. *See Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 882 (9th Cir. 2007) ("a final judgment retains its collateral estoppel effect, if any, while pending appeal.") (citing *Tripati v. Henman,* 857 F.2d 1366, 1367 (9th Cir.1988) (noting that "[t]o deny preclusion" pending decision of an appeal "would lead to an absurd result: Litigants would be able to refile identical cases while appeals are pending, enmeshing their opponents and the court system in tangles of duplicative litigation.")).

1 Plaintiff for failing to register under California's Sex Offender Registration Act.

2 Accordingly, the Court **DENIES** Defendants' motion for judgment on the pleadings as to
3 Plaintiff's Fourth Amendment claim, without prejudice to Defendants bringing a motion for
4 summary judgment.

### 3. Fifth Amendment Due Process Claim

In their motion for judgment on the pleadings, Defendants argue they are entitled to judgment on the pleadings as to Plaintiff's Fifth Amendment Due Process Claims because the Hercules Police Department Officers involved in Plaintiff's arrest were local, rather than federal, law enforcement officers. The Court does not interpret Plaintiff's complaint as stating any claim for violation of the Fifth Amendment. Because Plaintiff does not allege a violation of the Fifth Amendment, the Court **DENIES** Defendants' motion to dismiss any Fifth Amendment due process claim.

### 4. Qualified Immunity

Defendants further argue that judgment on the pleadings is warranted because the officers are entitled to qualified immunity. The defense of qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A court considering a claim of qualified immunity must determine whether the plaintiff has alleged the deprivation of an actual constitutional right and whether such right was "clearly established." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Where there is no clearly established law that certain conduct constitutes a constitutional violation, a defendant cannot be on notice that such conduct is unlawful. *Rodis v. City & Cnty. of San Francisco*, 558 F.3d 964, 970–71 (9th Cir. 2009). The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *Saucier v. Katz*, 533 U.S. 194, 202 (2001).

Defendants argue they are entitled to qualified immunity because the there was no constitutional violation and "there was no Ninth Circuit or Supreme Court authority stating that a

1  lawful arrest for failure to register as a sex offender or to report an address change" under
2  California Penal Code § 290 would have violated a clearly established constitutional right.  Mot. at
3  12–13, 14.  That qualified immunity argument adds nothing to the motion because it presupposes
4  that Defendants have established that the arrest was lawful.  Because the Court declines to grant
5  judgment on the pleadings as to Plaintiff's unlawful arrest claim, Defendants' qualified immunity
6  argument fails.

### V. CONCLUSION

For the reasons stated above, the Court **DENIES** Defendants' motion for judgment on the pleadings.

**IT IS SO ORDERED.**

Dated: May 19, 2025

_____
THOMAS S. HIXSON
United States Magistrate Judge

14