UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MCGEE,<br><br>        Plaintiff,<br><br>    v.<br><br>THE CITY OF HERCULES, et al.,<br><br>        Defendants. | Case No. 23-cv-05161-TSH<br><br>**ORDER RE: MOTIONS FOR SANCTIONS**<br><br>Re: Dkt. Nos. 38, 66 |

## I.   INTRODUCTION

Pending before the Court are two motions for sanctions brought by Plaintiff Anthony McGee. ECF Nos. 38, 66. Defendants City of Hercules and Hercules Police Department ("HPD") filed an Opposition to Plaintiff's first Motion for Sanctions (ECF No. 46) and Plaintiff filed a Reply (ECF No. 57). The Court finds these matters suitable for disposition without oral argument. *See* Civ. L.R. 7-1(b). For the reasons stated below, the Court **DENIES** Plaintiff's motions for sanctions.

## II.   DISCUSSION

**A.   First Motion for Sanctions (ECF No. 38)**

    **1.   Requests for Judicial Notice**

Mr. McGee asks the Court to take judicial notice of two documents filed in *United States v. McGee*, No. 3:12-cr-52-EMC (N.D. Cal.), a criminal case in which Mr. McGee is the defendant. ECF Nos. 37 (Req. for Judicial Notice), 38 (Mot.); *see United States v. McGee*, No. 3:12-cr-52-EMC (N.D. Cal.).

First, Mr. McGee asks the Court to take judicial notice of all or part of his opposition to the government's motion to revoke supervised release in *United States v. McGee*. ECF No. 37; *see*

1  No. 3:12-cr-00052-EMC-1, ECF No. 255 (Mr. McGee's Opp'n to Mot. to Revoke Supervised
2  Release). The Court declines to take judicial notice of this document. Plaintiff submits
3  photographs of two pages from this filing, which is eighteen pages. It is not clear whether
4  Plaintiff intends that the Court take judicial notice of the entire filing or merely of the
5  photographed pages attached to his request for judicial notice. Moreover, although Plaintiff's
6  opposition to the Government's Motion to Revoke Supervised Release was publicly filed, it is a
7  piece of argumentative writing whose contents are by their very nature subject to reasonable
8  dispute. Plaintiff provides no other basis for the Court to consider this document. Accordingly,
9  the Court does not consider Plaintiff's Opposition to the Government's Motion to Revoke
10 Supervised Release in deciding the instant motion.

11      Second, Mr. McGee asks the Court to take judicial notice of his Status Conference
12 Memorandum dated August 28, 2023 in *United States v. McGee*. ECF No. 38 at 6–9 (page
13 numbers refer to ECF header); No. 3:12-cr-00052-EMC-1, ECF No. 259 (Mr. McGee's Status
14 Conference Memorandum). Like Mr. McGee's opposition to the government's motion to revoke
15 supervised release, Mr. McGee's Status Conference Memorandum argues that the Court should
16 not modify Mr. McGee's conditions of supervised release; its contents are subject to reasonable
17 dispute. Accordingly, the Court declines to take judicial notice of Mr. McGee's status conference
18 memorandum.

19      Plaintiff further asks the Court to take judicial notice of (1) a minute order dated July 5,
20 2023 in *The People of the State of California vs. Antoine McGee*, No. 22-CR-003382 (Alameda
21 Cnty. Sup. Ct.), a criminal action brought against Mr. McGee in Alameda County Superior Court;
22 (2) a state court minute order dated August 21, 2023 in another criminal matter in which Mr.
23 McGee is the defendant;[1] and (3) a letter from a police assistant of the Milpitas Police Department
24 dated May 8, 2023, certifying that the Milpitas Police Department's taking into custody of Mr.
25 McGee on March 6, 2023 "was a detention only, not an arrest." ECF No. 38 at 2, 3, 5. Although

---

[1] Mr. McGee provides no description of this document, but the document includes an ECF header identifying it as an attachment to the August 28, 2023 status conference memorandum Mr. McGee filed in *United States v. McGee*. *See* No. 3:12-cr-00052-EMC-1, ECF No. 259-1. The Court identifies the document as a state court minute order based on that context.

Plaintiff describes these documents as having previously been filed in *United States v. McGee*, No. 3:12-cr-00052-EMC (ECF No. 38 at 1), Plaintiff does not identify or describe any of these documents, nor does he provide a declaration confirming that each document is what it purports to be. *See generally* ECF No. 38. Because these documents have not been sufficiently authenticated, the Court is unable to determine whether judicial notice is proper. Accordingly, the Court declines to take judicial notice of these documents.

### 2. Merits of First Motion for Sanctions

In Plaintiff's first motion for sanctions, Plaintiff asks that "until the case is resolved for the revocation hearing, Plaintiff submits the matter over to this Court for further findings and for consideration of sanctions" against Defense counsel "for unlawful dissemination of juvenile court records in violation of Cal. Wel. & Ins. Code 827." ECF No. 38 at 1.

Here, Plaintiff provides no argument to explain how Defendants or their counsel violated of Cal. Wel. & Ins. Code 827. Although Plaintiff requests sanctions "for unlawful dissemination of juvenile court records[,]" he fails to explain what Court records are at issue, how Defendants allegedly disclosed these records, to whom, and when. Without any further information, the Court does not have sufficient information to determine whether sanctions are appropriate. *See* Civ. L.R. 7-4(a)(5), requiring that a brief or memorandum filed in support of a motion contain "[a]rgument by the party, citing pertinent authorities."

In his reply, Plaintiff argues that Defendants' "[c]ounsel is aware of the documents and exhibits it has filed and the nature of the content." Reply at 1. However, a party seeking sanctions must provide sufficient information to put the party it seeks to sanctions on notice of the precise reasons for sanctions. *See* Fed. R. Civ. P. 7(b)(1)(B) (a motion for a court order "must . . . state with particularity the grounds for seeking the order"); Civ. L.R. 7-2(b)(3)-(4). Further, while Defendants' counsel may be aware of the exhibit or exhibits to which Plaintiff refers, Plaintiff has not provided any information sufficient for the Court to know which filings Plaintiff believes were unlawfully filed. The Court cannot be expected to scour the record in search of a filing that Plaintiff does not identify. Because Plaintiff's motion does not provide the Court with the information necessary for the Court to evaluate the merits of the motion, Plaintiff's first motion

1  for sanctions must be denied.

2  Accordingly, the Court **DENIES** Plaintiff's first motion for sanctions.

### B. Second Motion for Sanctions (ECF No. 66[2])

On May 8, 2025, Plaintiff filed a second motion for sanctions,[3] this time against Dale Allen Jr., counsel of record for Defendant. Plaintiff seeks sanctions under the court's inherent authority and Federal Rule of Civil Procedure ("Rule") 11(b)(1)–(4). In Plaintiff's Second Motion for Sanctions, Plaintiff contends that Mr. Allen or individuals working under his direction filed on the public docket juvenile case records that are subject to protection under section 827 of the California Welfare and Institutions Code. Second Sanctions Mot. at 2, 3, ECF No. 66. Plaintiff contends that by filing records of Plaintiff's juvenile history on the public docket, Mr. Allen subjected Plaintiff to the risk of public shame and reputational harm and violated his right to equal protection under the Fourteenth Amendment to the U.S. Constitution. *Id.* at 7.

A district "court has the inherent power to sanction a party or its lawyers if it acts in 'willful disobedience of a court order . . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons,' as well as for 'willful[ ] abuse [of the] judicial processes.'" *Gomez v. Vernon*, 255 F.3d 1118, 1133–34 (9th Cir. 2001) (quoting *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 766 (1980)). "[T]he district court may not sanction mere 'inadvertent' conduct." *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001). Rather, the imposition of sanctions under the court's inherent powers requires "a finding of bad faith, or conduct tantamount to bad faith." *Vernon*, 255 F.3d at 1134. "[R]ecklessness, of itself, does not justify the imposition of sanctions" under the Court's inherent power. *Id.* However, "sanctions are available when recklessness is 'combined with an additional factor such as frivolousness, harassment, or an improper purpose.'" *Id.* (quoting *Fink*, 239 F.3d at 994).

Rule 11 of the Federal Rules of Civil Procedure imposes upon attorneys a duty to certify that they have read any pleadings or motions they file with the court and that such

---

[2] A duplicate notice of motion, motion, and some of the corresponding exhibits were also filed at ECF No. 67.
[3] Plaintiff attaches several exhibits to his second motion for sanctions. However, he does not appear to ask the Court to take judicial notice of them, so the Court need not consider that issue.

pleadings/motions are well-grounded in fact, have a colorable basis in law, and are not filed for an improper purpose. Fed. R. Civ. P. 11(b); *Bus. Guides, Inc. v. Chromatic Commc'ns Enterprises, Inc.*, 498 U.S. 533, 542 (1991). Frivolous filings, or filings made for improper purpose, undermine this certification. *Est. of Blue v. Cty. of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997); *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362-63 (9th Cir. 1990). Frivolous filings are both (1) objectively legally or factually baseless; and (2) made without a reasonable and competent inquiry. *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002); *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997), *as amended on denial of reh'g* (Mar. 26, 1997). Similarly, whether a filing is made for an improper purpose is judged objectively. *Townsend*, 929 F.2d at 1362. If an attorney violates Rule 11(b), courts may impose appropriate sanctions under Rule 11(c)(1). Sanctions do not require a finding of bad faith, but under Rule 11(c)(4) they are limited to what is sufficient to deter repetition of the sanctioned conduct.

"Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating Eng'rs Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988). Thus, in determining whether Rule 11 has been violated, a "court must consider factual questions regarding the nature of the attorney's pre-filing inquiry and the factual basis of the pleading." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 399 (1990). However, courts should "avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted." Fed. R. Civ. P. 11 Advisory Comm. Notes (1983 Amendment). "[T]he imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate." *Cooter*, 496 U.S. at 396.

A party moving for sanctions under Rule 11 must do so separately from any other motion and may not present a motion for sanctions to the court until 21 days after service of the motion on the opposing party. Fed. R. Civ. P. 11(c)(2). This twenty-one-day, "safe harbor" provision allows the non-moving party opportunity to withdraw or correct any alleged deficiencies before sanctions are imposed. *Id.* (The motion "must not be filed or be presented to the court if the challenged

5

1  paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days
2  after service...."); Fed. R. Civ. P. 11, advisory committee's notes to 1993 amendments ("Comm.
3  Notes") ("Explicit provision is made for litigants to be provided notice of the alleged violation and
4  an opportunity to respond before sanctions are imposed."). A court may award to the prevailing
5  party the "reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ.
6  P. 11(c)(2). Plaintiff does not provide a declaration, proof of service, or any other evidence that he
7  has complied with the safe harbor provision of Rule 11.

8  Plaintiff contends that Mr. Allen's conduct violates Rule 11 because: (1) Mr. Allen is
9  attempting to introduce evidence of Plaintiff's juvenile record for an improper purpose, (2) Mr.
10 Allen lacks a nonfrivolous basis to use Plaintiff's juvenile records without prior court approval, (3)
11 Mr. Allen's factual contentions lack evidentiary support "due to the destroyed or sealed nature of
12 the records," and (4) any denials or defenses based on Plaintiff's juvenile records are not
13 reasonably based on a valid evidentiary foundation. ECF No. 66 at 7.

14 The Court finds that Plaintiff's sanctions motion does not provide an adequate basis for the
15 Court to impose sanctions under the Court's inherent power or Rule 11. However, the Court finds
16 Plaintiff's sanctions motions provides a basis for the Court to seal juvenile case records that were
17 publicly filed in this litigation. "Juvenile records are confidential under California state law."
18 *Aranda v. Cnty. of Los Angeles*, No. 19-cv-01770-RGK-RAO, 2019 WL 11838767, at *4 (C.D.
19 Cal. Dec. 6, 2019); *see* Cal. Welf. & Inst. Code § 827. Courts in this district have therefore issued
20 protective orders or granted motions to the seal records that are subject to California Welfare &
21 Institutions Code § 827. *See, e.g.*, *Sarmiento v. Marquez*, No. 21-cv-06712-PJH, 2022 WL
22 2918906, at *7 (N.D. Cal. July 25, 2022) (sealing documents protected under § 827); *Aranda*,
23 2019 WL 11838767, at *4 (finding protective order warranted as to civil litigant's juvenile records
24 and witness testimony addressing private facts contained in those records).

25 According, the Court **DENIES** Plaintiff's second motion for sanctions. The Court
26 **ORDERS** Plaintiff to file a motion to seal the juvenile records Plaintiff believes were unlawfully
27 disseminated, identifying the specific records by ECF number and, if applicable, page number of
28 any such records.

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's motions for sanctions. The Court **ORDERS** Plaintiff to file a motion to seal the juvenile records Plaintiff believes were unlawfully disseminated, identifying the specific records by ECF number and, if applicable, page number of any such records.

**IT IS SO ORDERED.**

Dated: May 19, 2025

THOMAS S. HIXSON
United States Magistrate Judge