UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MCGEE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE CITY OF HERCULES, et al.,<br><br>　　　　Defendants. | Case No. 23-cv-05161-TSH<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL**<br><br>Re: Dkt. No. 71 |

　　　　Plaintiff Anthony McGee has filed a motion to seal, which the Court construes as a motion to seal pursuant to Civil Local Rule 79-5. ECF No. 71.

　　　　"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978) (footnote omitted). Although that right is not absolute, "'a strong presumption in favor of access' is the starting point." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). This presumption "is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). Access in civil cases is properly denied for clearly justifiable reasons: to protect against "gratif[ication of] private spite or promot[ion of] public scandal" or to preclude court dockets from becoming "reservoirs of libelous statements." *Nixon*, 435 U.S. at 597 (citations omitted). "

　　　　Here, Plaintiff lists several documents he argues should be sealed because they "concern[]

1  the import of Juvenile Court dispositions, records, extracts from depositions, [and] declarations."
2  Mot. at 6. Courts have found that juvenile court records contain sensitive information that
3  outweighs the presumption of public access and may be filed under seal. *See A.C. v. City of Santa*
4  *Clara*, 2015 WL 4076364, at *2 (N.D. Cal. July 2, 2015) (citing cases). One document Plaintiff
5  himself filed does contain juvenile court records and should therefore be sealed. Accordingly, the
6  Court **GRANTS** Plaintiff's motion as to ECF Nos. 66. However, none of the remaining
7  documents Plaintiff requests be sealed contain juvenile court records, and those that mention
8  juvenile court proceedings do so in the context of reference to other proceedings that are already in
9  the public record. Accordingly, the Court **DENIES** Plaintiff's motion as to the following
10 documents: ECF Nos. 14, 20, 2, 29-30, 31, 38, 50, 57, 67-69.

Plaintiff is advised that any future requests to seal must comply with Civil Local Rule 79-5.

**IT IS SO ORDERED.**

Dated: June 6, 2025

THOMAS S. HIXSON
United States Magistrate Judge