UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MCGEE,<br><br>    Plaintiff,<br><br>v.<br><br>THE CITY OF HERCULES, et al.,<br><br>    Defendants. | Case No. 23-cv-05161-TSH<br><br>**ORDER DENYING MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 84 |

On September 17, 2025, Plaintiff Anthony McGee filed a Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b). ECF No. 84.

The Ninth Circuit has stated that Rule 55 requires a "two-step process" consisting of: (1) seeking a clerk's entry of default, and (2) filing a motion for the entry of default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986); *Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009) (noting "the two-step process of 'Entering a Default' and 'Entering a Default Judgment'"). In light of this two-step process, courts regularly deny motions for default judgment where default has not been previously entered. *See, e.g., Ardalan v. McHugh*, 2013 WL 6212710, at *23 (N.D. Cal. Nov. 27, 2013) ("Without first obtaining an entry of default against Defendants, Plaintiff's motion for default judgment is improperly before this Court."); *Fruit v. James Corrado Inc.*, 2024 WL 2883259, at *1 (E.D. Cal. May 7, 2024) ("Entry of default must be obtained prior to entry of default judgment."); *Woodhouse v. United States*, 2022 WL 2903139, at *2 (C.D. Cal. June 8, 2022) ("[T]he Court denies plaintiff's motion for default because Rule 55 requires that a plaintiff first obtain a Clerk's entry of default."); *Norman v. Small*, 2010 WL 5173683, at *2 (S.D. Cal. Dec. 14, 2010) (denying plaintiff's motion for default judgment because "the clerk has not entered default").

1   In this case, default has not been entered against Defendants.  Accordingly, Plaintiff's
2   motion is improperly before this Court and the motion is therefore **DENIED**.
3   **IT IS SO ORDERED.**

5   Dated: September 18, 2025

_____
THOMAS S. HIXSON
United States Magistrate Judge