UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY MCGEE,

          Plaintiff,

    v.

THE CITY OF HERCULES, et al.,

          Defendants.

Case No. 23-cv-05161-TSH

**ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY
JUDGMENT**

Re: Dkt. No. 94

## I.    INTRODUCTION

Plaintiff Anthony McGee, proceeding *pro se*, brings this action against Defendants City of Hercules and Hercules Police Department (collectively, "Defendants"), alleging that Defendants violated his constitutional rights when they detained and arrested him for failing to register as a sex offender.  ECF No. 1.  Pending before the Court is Defendants' Motion for Summary Judgment.  ECF No. 94 ("Mot.").  The Court finds this matter suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b) and **VACATES** the June 4, 2026, hearing.  For the reasons stated below, the Court **GRANTS** the motion.[1]

## II.    BACKGROUND

### A.    Factual Background

This action stems from McGee's arrest on or around September 15, 2023, by officers of the Hercules Police Department.  Compl. ¶¶ 1–2, 18; Defendants' Separate Statement of Facts ¶¶ 1–4 ("Defs.' SSF") (ECF No. 94-1).  The Hercules Police Department is a department of the City of Hercules.  Mot. at 4:24–25.

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  ECF Nos. 3, 12.

Overall, McGee alleges that Defendants violated 42 U.S.C. § 1983 when they detained, arrested, and transported McGee to the Contra Costa County Sheriff for being out of compliance with sex offender registration laws because Defendants "knew or should have known" that they lacked the "necessary legal basis" to determine that McGee was out of compliance.  Compl. ¶¶ 22–23.

### 1.    McGee's Arrest By Hercules Police Department

On or around September 15, 2023, McGee entered the Hercules Police Department, located in the City Hall for the City of Hercules.  *Id.* ¶¶ 2–3; Defs.' SSF ¶ 1.  While there, officers informed McGee that he was not in compliance with the Sex Offender Registration Laws of California.  Compl. ¶ 4; Defs.' SSF ¶ 2.  The Sex Offender Registry Act ("SORA") (Cal. Pen. Code §§ 290 et seq.) mandates registration requirements for offenders.  Declaration of Commander Dwayne Collard ¶¶ 9, 13 ("Collard Decl.") (ECF No. 94-5).  McGee explained to the officers that he was not required to comply with SORA.  Compl. ¶¶ 16–17; Defs.' SSF ¶ 3.  The officers arrested McGee for failing to register as a sex offender, in violation of SORA.  Compl. ¶ 18; Defs.' SSF ¶ 4; Collard Decl. ¶ 15.

Commander Dwayne Collard was on duty at the Hercules Police Department when McGee was arrested.  Compl. ¶¶ 4–5; Defs.' SSF ¶ 6; Collard Decl. ¶¶ 10–15.  Collard makes the following averments in his Declaration.  After being informed that McGee was at the police station, Collard viewed the California Sex and Arson Registry ("CSAR") database for records pertaining to McGee.  Collard Decl. ¶¶ 4, 11–13.  CSAR "is an internet-supported official and centralized criminal record database managed and updated by the California Department of Justice" that law enforcement officers rely on to determine "whether an individual is subject to and in compliance with [SORA]."  *Id.* ¶¶ 4–8.  Upon reviewing the records in CSAR, Collard "saw that [McGee] was subject to and had not complied with the offender registration requirements under SORA."  *Id.* ¶ 13.  Specifically, McGee failed to update his address as required under SORA (Cal. Pen. Code §290.013(a)).  *Id.* ¶ 14.  "On that basis, officers arrested [McGee] for a violation of Cal. Pen. Code §290.013(a)."  *Id.* ¶ 15.

McGee avers that he has "never suffered a conviction for an offense listed in the California

Penal Code Section 290 paragraph (C) or otherwise," and he "was never legally required to register as a convicted sex offender at any time for an enumerated offense listed in Cal. P.C. Section 290." Declaration of Anthony McGee ¶¶ 3–4 (Opp. at 19) (ECF No. 95). McGee alleges that during his detention by the Hercules Police Department, he "was not presented with facts that would support a basis for a continued detention or an arrest for violating" SORA, and that he presented the officers with "facts" and "several legal basis [*sic*]" to show that he was not violating SORA. Compl. ¶¶ 13–20. Therefore, according to McGee, Defendants (1) did not "investigate" "the conflict of information duly presented to each officer or deputy involved in this case" or "the damaging statements and actions taken against [McGee] prior to the false arrest that occurred"; and (2) did not "acknowledge plain and clear inconsistencies with the applications of penal code section 290 as it relates to [McGee]." *Id.* at 7.

### 2.    McGee's Related Legal Proceedings

McGee is involved in supervised release proceedings in *United States v. McGee*, No. 3:12-cr-00052-EMC ("*McGee*"), a criminal action in this district in which McGee is the defendant. *See* Defendants' Request for Judicial Notice, Ex. A (Order Denying United States' Motion to Revoke Defendant's Supervised Release) (ECF No. 94-7). In *McGee*, the Government moved to revoke McGee's supervised release, alleging that McGee "violated the terms of his supervised release by violating California Penal Code § 290.018, which criminalizes the willful failure to register as a sex offender." *Id.* at 1. On August 15, 2023, Judge Chen denied the Government's motion because the Government failed to show that McGee's failure to register was willful. *Id.* at 8. Judge Chen held that McGee had a continued obligation to comply with SORA's registration requirements and that McGee "is now on notice of his obligation to register [as a sex offender] until at least November 2026." *Id.* at 5, 8.

### B.    Procedural Background

On October 10, 2023, McGee filed this action against the City of Hercules, the Hercules Police Department, and unnamed defendants, alleging a constitutional violation under 42 U.S.C. § 1983. ECF No. 1 ("Compl.") ¶¶ 22–23. McGee seeks six hundred million dollars in damages. Compl. at 7. While McGee does explicitly state what his claim is for, based on the facts alleged in

*United States District Court
Northern District of California*

3

his Complaint, the Court previously construed his Complaint to allege a claim under 42 U.S.C. § 1983 for unlawful arrest in violation of the Fourth Amendment of the U.S. Constitution.  ECF No. 68 at 8 (citing Compl. ¶¶ 4, 13–16, 18–23, 25).  On November 21, 2023, Defendants filed an Answer to McGee's Complaint.  ECF No. 11 ("Answer").  In their Answer, Defendants raised an affirmative defense that "[t]he facts alleged in the Complaint do not involve any custom, practice, procedure or regulation of defendants which gives rise to a violation of a constitutional right pursuant to [*Monell*]."  Answer at 10:6–11.

On January 25, 2024, McGee's case was stayed for ninety days pending the conclusion of supervised release proceedings in *McGee*.  ECF No. 19.  The stay order expired on its own terms. ECF No. 23 at 1 n.1

On July 11, 2024, Defendants filed a motion for judgment on the pleadings.  ECF No. 29. On July 29, 2024, the Court again stayed the case pending the proceedings in *McGee*.  ECF No. 35.  On October 8, 2024, the Court granted McGee's motion to lift the stay of proceedings and to proceed with briefing on Defendants' motion for judgment on the pleadings.  ECF No. 43.  On May 19, 2025, the Court denied Defendants' motion for judgment on the pleadings.  ECF No. 68.

On August 22, 2025, the Court issued a case management scheduling order.  ECF No. 83. Per this order, the deadline to seek leave to amend pleadings was October 16, 2025; fact discovery closed December 11, 2025; expert discovery closed March 5, 2026; the deadline to file dispositive motions was April 2, 2026; and jury trial begins on September 21, 2026.  *Id.*

On April 23, 2026, Defendants filed the instant Motion for Summary Judgment.[2]  ECF No. 94 ("Mot.").  Defendants also filed a Request for Judicial Notice.  ECF No. 94-6.  On April 29, 2026, McGee filed an Opposition.  ECF No. 95 ("Opp.").  On May 4, 2026, McGee filed a "Notice of Supplemental Authority and Request for Judicial Notice."  ECF No. 96.  On May 14, 2026, Defendants filed a Reply.  ECF No. 97 ("Reply").

United States District Court
Northern District of California

---

[2] Defendants filed an initial motion for summary judgment on April 2, 2026.  ECF No. 88.  The Court denied that motion without prejudice and ordered Defendants to file a revised motion by April 23, 2026.  ECF No. 92.

### III.   LEGAL STANDARD

Summary judgment is proper where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Material facts are those that may affect the outcome of the case, and a dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

If the moving party meets its initial burden, the opposing party must then set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(c)(1); *Anderson*, 477 U.S. at 250. All reasonable inferences must be drawn in the light most favorable to the nonmoving party. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004). However, it is not the task of the Court "to scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden "to identify with reasonable particularity the evidence that precludes summary judgment." *Id.*; *see also Cafasso, U.S. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1061 (9th Cir. 2011) (noting the nonmoving party "must set forth non-speculative evidence of specific facts, not sweeping conclusory allegations") (cleaned up). Thus, "[t]he district court need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with adequate references so that it could conveniently be found." *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see also Christian Legal Soc. Chapter of Univ. of Cal. v. Wu*, 626 F.3d 483, 488 (9th Cir. 2010) ("Judges are not like pigs, hunting for truffles buried in briefs.") (cleaned up).

"While the evidence presented at the summary judgment stage does not yet need to be in a form that would be admissible at trial, the proponent must set out facts that it will be able to prove through admissible evidence." *Norse v. City of Santa Cruz*, 629 F.3d 966, 973 (9th Cir. 2010) (citing Fed. R. Civ. P. 56(c) ("An affidavit or declaration used to support or oppose a motion must

be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")).  If the nonmoving party fails to identify such evidence, or if it offers evidence that is "merely colorable, or is not significantly probative, summary judgment may be granted."  *Anderson,* 477 U.S. at 249–50 (cleaned up).

## IV.    DISCUSSION

Defendants move for summary judgment, asserting that McGee's Section 1983 claim fails as a matter of law.  Mot. at 1.  Defendants argue that (1) "vicarious liability under § 1983 cannot attach to Defendants as a matter of law"; (2) "the Complaint omits any allegations or claim of *Monell* liability"; (3) any unnamed defendants must be dismissed at this point as they have not been amended-in; and (4) alternatively, McGee's claim fails because "probable cause existed for [his] arrest."  *Id.* at 1, 6–8.

In sum, the Court concludes that McGee fails to adduce evidence of required elements for his Section 1983 claim.  Therefore, summary judgment for Defendants on this claim is warranted.

### A.    Requests For Judicial Notice

#### 1.    Defendants' Request For Judicial Notice

Defendants ask the Court to take judicial notice of four documents:

> 1. Exhibit 'A' - Dkt. No. 258: *Order Denying United States' Motion to Revoke Defendant's Supervised Release* issued by Hon. Judge Edward M. Chen on August 15, 2023, in the matter of *United States of America v. Anthony McGee*, U.S. District Court for the Northern District of California, Case No.: 3:12-cr-00052-EMC.
>
> 2. Exhibit 'B' - Dkt. No. 336: *Memorandum* issued by the U.S. Court of Appeals For the Ninth Circuit and filed on October 24, 2025, in the matter of *United States of America v. Anthony McGee*, U.S. District Court for the Northern District of California, Case No.: 3:12-cr-00052-EMC.
>
> 3. Exhibit 'C' - Dkt. No. 301: *Criminal Minutes* issued by Hon. Judge Edward M. Chen on September 10, 2024, in the matter of *United States of America v. Anthony McGee*, U.S. District Court for the Northern District of California, Case No.: 3:12-cr-00052-EMC.
>
> 4. Exhibit 'D' - Dkt. No. 332: *Order Denying Defendant's Motion for Indicative Ruling* issued by Hon. Judge Edward M. Chen on April 28, 2025, in the matter of *United States of America v. Anthony McGee*, U.S. District Court for the Northern District of California, Case No.:

United States District Court
Northern District of California

3:12-cr-00052-EMC.

*See* ECF Nos. 94-6 (Request for Judicial Notice), 94-7 (Ex. A), 94-8 (Ex. B), 94-9 (Ex. C), 94-10 (Ex. D).  McGee does not object to Defendants' request.  *See generally* Opp.

The Federal Rules of Evidence allow the Court to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).  Courts may consider matters of public record in deciding a motion for summary judgment.  *DeGroot v. United States*, 786 F. App'x 638, 642 (9th Cir. 2019).  As such, courts may take judicial notice of documents filed in a court proceeding.  *See United States v. Raygoza-Garcia*, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER."); *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (noting court may take judicial notice of "documents on file in federal or state courts").

The Court takes judicial notice of the four documents filed in *McGee* (ECF Nos. 258, 301, 332, 336) because they are documents filed in federal court.  In taking judicial notice of these records, the Court only takes notice of their existence and not "for the truth of the matter asserted therein." *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1067 (N.D. Cal. 2010).

### 2.    McGee's Requests For Judicial Notice

In his Opposition, McGee references four exhibits which are attached to his Opposition. *See* Opp. at 11 (referencing Ex. A), 13 (referencing Ex. B), 15 (referencing Exs. C, D), 20 (Ex. A), 21 (Ex. B), 22 (Ex. C), 23 (Ex. D).  The Court construes these attached exhibits as a request for judicial notice.  McGee does not describe the documents marked as Exhibit A and Exhibit B in his Opposition or Declaration.  *See generally id.*  McGee asserts that Exhibits C and D contain "bates stamp 159, 200 in ECR for appellee in the case *The United States v McGee 24-5532 9th Cir. Court of Appeals.*" *Id.* at 15.  Defendants do not object to McGee's exhibits.  *See generally* Reply. Because McGee does not include an individualized description of Exhibits A and B, these documents have not been sufficiently authenticated in McGee's Opposition for the Court to

United States District Court
Northern District of California

determine whether judicial notice is proper.[3] *Cf.* ECF No. 68 at 7. As for Exhibits C and D, the Court will take judicial notice of these documents because they are documents filed in federal court. *See* Excerpts of Record (ECF No. 31.3), *United States of America v. McGee*, No. 24-5532, at 29, 70 (9th Cir. May 20, 2025). However, Exhibits C and D are not judicially noticeable for their truth of asserted facts. *In re Bare Escentuals*, 745 F. Supp. 2d at 1067.

McGee also filed a separate request for judicial notice asking the Court to take judicial notice of three documents:

> 1. Exhibit A: Docket entries and filings from *McGee v. City of Palo Alto, Case No. 22-09094* (N.D. Cal.), showing that the City of Palo Alto, [McGee], and opposing counsel relied upon the same evidence at issue in this matter.
>
> 2. Exhibit B: The juvenile court dismissal order relied upon in both the Palo Alto matter and in [McGee's] filings in this case.
>
> 3. Exhibit C: Defendants' filings in this action referencing or relying upon the same evidence previously relied upon in the Palo Alto matter.

ECF No. 96; *see id.* at 4 (Ex. A), 6 (Ex. B), 8 (Ex. C). Defendants do not oppose McGee's request. *See generally* Reply. The Court takes judicial notice of Exhibits A and B because they are documents filed in federal court. *See* Defendants' Opposition to Motion for Relief From Judgment (ECF No. 69), *McGee v. Palo Alto Police Department*, No. 22-cv-9094-NC (N.D. Cal. Apr. 29, 2026); Motion for Relief From Judgment (ECF No. 68), No. 22-cv-9094-NC. The Court takes judicial notice of Exhibit C because it consists of the Court's own records in this case. *See Contreras v. Davis*, No. 1:19-cv-01523-AWI-SAB, 2021 WL 2144825, at *1 (E.D. Cal. May 26, 2021) ("It is well established that a court can take judicial notice of its own files and records."); *NovelPoster v. Javitch Canfield Grp.*, 140 F. Supp. 3d 954, 960 n.7 (N.D. Cal. 2014) (granting request for judicial notice of documents previously filed in same case). However, Exhibits A, B and C are not judicially noticeable for their truth of asserted facts. *Contreras*, 2021 WL 2144825, at *2.

---

[3] McGee includes these same documents in his separate request for judicial notice, which the Court discusses below. *See* ECF No. 96, Ex. B.

8

United States District Court
Northern District of California

**B.      Claim Under Section 1983**

McGee alleges a claim under Section 1983 for unlawful arrest in violation of the Fourth Amendment of the U.S. Constitution.[4]  ECF No. 68 at 8 (citing Compl. ¶¶ 4, 13–16, 18–23, 25). Defendants argue that McGee's claim fails against both the named and unnamed defendants.  Mot. at 4:21–5:27.

In relevant part, the Civil Rights Act provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (cleaned up).  "To state a claim under § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).  Under *Monell*, local government units are "persons" for purposes of Section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 62 (1989) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 563 U.S. 658, 690 (1978)).

Here, the Court concludes that McGee fails to raise a triable issue of fact regarding Defendants' *Monell* liability under Section 1983.

Accordingly, the Court **GRANTS** Defendants' Motion for Summary Judgment.

**1.      Unnamed Defendants**

In his Complaint, McGee names "Unnamed Defendants" as defendants.  Compl. at 1.

---

[4] As a threshold issue, in his Opposition, McGee argues that Defendants violated his Due Process rights under the Fourteenth Amendment of the U.S. Constitution.  Opp. at 14:4–15:2.  The Court previously concluded that "Plaintiff does not clearly articulate what his claim is for, but asserts that Defendants' actions violated 42 U.S.C. § 1983.  Based on the facts alleged in Plaintiff's complaint, the Court construes his complaint to allege a claim under Section 1983 for unlawful arrest in violation of the Fourth Amendment of the U.S. Constitution."  ECF No. 68 at 8. However, even if McGee alleged a Fourteenth Amendment Due Process claim, the Court concludes that it would not survive summary judgment for the same reasons discussed below.

Defendants argue that the Court should dismiss the unnamed defendants because the time for McGee to amend them in has passed, and "it is beyond 90 days from the date the pleading was filed." Mot. at 5:13–27 (citing ECF No. 83; Fed. R. Civ. P. 4(m)). McGee does not respond to this argument. *See generally* Opp.

Here, because McGee does not respond to Defendants' argument that dismissal of the unnamed defendants is appropriate, he concedes that it is. *See Ardente, Inc. v. Shanley*, No. C-07-4479-MHP, 2010 WL 546485, at *6 (N.D. Cal. Feb. 10, 2010) ("Plaintiff fails to respond to this argument and therefore concedes it through silence."). Even absent this concession, the Court would find dismissal appropriate where McGee has not amended in the unnamed defendants after two years, discovery is closed, the deadline to seek leave to amend has passed, and trial is looming. *See* Mot. at 2:18–24 ("[McGee] has had nearly 2.5 years to amend and name DOE officers but has not done so."); ECF No. 83 (Scheduling Order); *cf. Valenzuela v. MC2 Pool & Spa*, No. C-09-01698-RS, 2011 WL 13556056, at *2 (N.D. Cal. Oct. 11, 2011) (dismissing unnamed class plaintiffs on summary judgment where "plaintiff has not named, for almost two years, and in the face of two imminent trials, any additional aggrieved parties" and where plaintiff did not contest defendants' request).

Accordingly, the Court grants Defendants' Motion to the extent McGee's claim is brought against unnamed defendants and dismisses the claim against the unnamed defendants without prejudice. *Cf. Valenzuela*, 2011 WL 13556056, at *2, 7; *see also Marin-Torres v. Washington*, 196 F. App'x 564, 565 (9th Cir. 2006) ("Dismissal with prejudice for failure to identify unnamed defendants is appropriate only if it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.") (cleaned up).

### 2. Named Defendants

In his Complaint, McGee names "The City of Hercules" and "Hercules Police Department" as defendants.[5] Compl. at 1. Defendants argue, among other things, that summary

---

[5] Defendants argue that Hercules Police Department is not a proper party because it is "duplicative of the City of Hercules Defendant on grounds that it is a department of the City." Mot. at 4:24–27. The Court agrees. *See Carroll v. City of Hercules*, No. C-11-3378-EMC, 2012 WL 1122019, at *2 (N.D. Cal. Apr. 3, 2012) ("Because the [Hercules] police department is simply an agency of

United States District Court
Northern District of California

10

judgment in their favor is warranted on McGee's claim against them because "the Complaint contains no *Monell* cause of action or allegations," and "Defendants are not liable as a matter of law." Mot. at 2:13–17, 4:21–5:12. McGee contends that Defendants are not entitled to summary judgment because his claim "challenges the City of Hercules's own unconstitutional conduct, which is actionable under *Monell*." Opp. at 6:5–10.

A municipality may face Section 1983 liability if it "'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Monell*, 563 U.S. at 692). However, the municipality may be held liable "only for its *own* illegal acts." *Id.* (emphasis in original) (cleaned up). It cannot be held vicariously liable for its employees' actions. *Id.* Nor can it be liable under a *respondeat superior* theory. *See Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1153 (9th Cir. 2021)) ("[A] municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.") (quoting *Monell*, 563 U.S. at 691) (emphasis in original).

To establish municipal liability, plaintiffs "must prove that 'action pursuant to official municipal policy' caused their injury." *Connick*, 563 U.S. at 60 (quoting *Monell*, 563 U.S. at 691). "The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479–80 (1986) (emphasis in original). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick*, 563 U.S. at 61 (citations omitted). Such policy or practice must be a "moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell*, 436 U.S. at 694).

the City [of Hercules], the § 1983 claim against the police department is essentially duplicative of the claim against the City."); *Ochoa v. City of San Jose*, No. 21-cv-02456-BLF, 2021 WL 7627630, at *4 (N.D. Cal. Nov. 17, 2021) (finding San Jose Police Department is duplicative party of the City of San Jose). Moreover, McGee does not dispute that the two Defendants are duplicative. *See generally* Opp. Therefore, the Court does not analyze McGee's claim separately against each Defendant.

An official municipal policy may be either formal or informal. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 131 (1988) (acknowledging that a plaintiff could show that "a municipality's actual policies were different from the ones that had been announced").

In the Ninth Circuit, a municipality may be liable under section 1983 under three possible theories. *Rodriguez v. Cty. of Los Angeles*, 891 F.3d 776, 802 (9th Cir. 2018). The first is where "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflict[ed] the injury." *Id.* (quoting *Monell*, 436 U.S. at 694). "A policy or custom may be found either in an affirmative proclamation of policy or in the failure of an official to take any remedial steps after [constitutional] violations." *Gomez v. Vernon*, 255 F.3d 1118, 1127 (9th Cir. 2001) (alteration added) (cleaned up).

Second, "a local government can fail to train employees in a manner that amounts to 'deliberate indifference' to a constitutional right, such that 'the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need.'" *Rodriguez*, 891 F.3d at 802 (quoting *City of Canton v. Harris*, 489 U.S. 378, 390 (1989)). To allege a failure to train under *Monell*,

> a plaintiff must include sufficient facts to support a reasonable inference (1) of a constitutional violation; (2) of a municipal training policy that amounts to a deliberate indifference to constitutional rights; and (3) that the constitutional injury would not have resulted if the municipality properly trained their employees.

*Benavidez*, 993 F.3d at 1153–54.

Third, a municipality may be liable under section 1983 if "the individual who committed the constitutional tort was an official with final policy-making authority or such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Rodriguez*, 891 F.3d at 802–03 (quoting *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1097 (9th Cir. 2013)) (cleaned up).

Here, the Court concludes that McGee fails to show that Defendants can be held liable under Section 1983. First, although McGee asserts that he does not seek to hold Defendants vicariously liable for the actions of others, the Complaint does not expressly allege a *Monell* claim against Defendants for their own actions. Opp. at 6:5–10; *see generally* Compl. Defendants argue

that McGee's "Complaint omits any mention of *Monell* or *Monell*-related claims/allegations" because it "is silent on any allegation concerning Defendant City's customs, practices, policies, or the adequacy of Defendant City's training, discipline, supervision, or any other *Monell*-related issues." Mot. at 2:13–17, 5:7–12. McGee responds that his claim is based on "direct municipal liability for a policy or custom of deliberate indifference to known false information," and that Defendants "are both responsible for their own decisions to ignore known false information" and for "fail[ing] to investigate or correct the error." Opp. at 7:22–25, 8:10–18, 9:3–6. But McGee's Complaint contains no allegations regarding Defendants' policies or customs; nor does it allege that Defendants relied on false information in arresting him. *See generally* Compl. The closest McGee comes is in the "Relief Sought," where he alleges that Defendants (1) did not "investigate" "the conflict of information duly presented to each officer or deputy involved in this case" or "the damaging statements and actions taken against [McGee] prior to the false arrest that occurred"; and (2) did not "acknowledge plain and clear inconsistencies with the applications of penal code section 290 as it relates to [McGee]." *Id.* at 7. It is true that a failure to investigate claims of police misconduct can give rise to a *Monell* claim under Section 1983. *E.g., Lassiter v. City of Bremerton*, 556 F.3d 1049, 1055 (9th Cir. 2009). But under this theory—as with any theory under *Monell*—a plaintiff must show that their injury was caused by the municipality's own official policy. *Connick*, 563 U.S. at 60. Therefore, by pointing to an absence of facts in the Complaint regarding Defendants' policies, Defendants meet their initial burden on summary judgment to show they cannot be held liable under Section 1983 as a matter of law. *Celotex*, 477 U.S. at 323; *see also Saved Mag. v. Spokane Police Dep't*, 19 F.4th 1193, 1201 (9th Cir. 2021) (affirming dismissal of *Monell* claim where "nothing in the complaint plausibly alleges a policy, custom, or practice leading to [the] violation").

Second, McGee cannot use his Opposition to plead a *Monell* claim he never raised in his Complaint. Reply at 1:27–2:1; *see Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968–69 (9th Cir. 2006) (affirming grant of summary judgment for defendants where "the complaint gave [defendants] no notice of the specific factual allegations presented for the first time in [plaintiff's] opposition to summary judgment"). But even if he could, McGee fails to adduce evidence

United States District Court
Northern District of California

13

showing that a genuine issue exists regarding Defendants' liability under *Monell*.  Indeed, McGee proffers *no evidence* demonstrating that Defendants' policies caused him harm.  Because Defendants may only be held liable for their own official policy, this is fatal to McGee's claim. *Connick*, 563 U.S. at 60.  McGee asserts that he presents "evidence of a municipal policy or custom of maintaining and relying on false or outdated criminal-history information, and of officers falsifying or misrepresenting compliance status."  Opp. at 6:11–10:22.  Specifically, McGee asserts that "the Hercules Police Department maintained false criminal-history information, failed to correct known database errors, and relied on those errors to justify an arrest"; Defendants "had actual notice that the California Department of Justice reported" false information regarding SORA registration; the Hercules Police Department's "own internal records confirmed there was no conviction" for McGee; and Defendants' "failure to train or supervise" regarding "known false information" constitutes a policy reflecting "deliberate indifference to constitutional rights."  *Id.*  But McGee presents no affidavits or declarations, no deposition testimony, no documents—indeed, nothing at all—to support the factual assertions made in his Opposition.  *See* Reply at 3:1–21.  On summary judgment, McGee must "identify with reasonable particularity the evidence that precludes summary judgment."  *Keenan*, 91 F.3d at 1279.  Because McGee fails to point to specific evidence evincing that he was harmed by Defendants' official policy, he fails to show that summary judgment for Defendants is not warranted.  *See Lassiter*, 556 F.3d at 1055 (explaining plaintiffs "must show that the Bremerton Police Department has a custom or policy of tolerating and allowing unlawful arrests"); *contra Dubner v. City & Cnty. of San Francisco*, 266 F.3d 959, 968 (9th Cir. 2001) (remanding on *Monell* claim where plaintiff introduced evidence that defendant city "had a policy of using incomplete citizen's arrest forms to affect unlawful arrests" and "testimony suggesting that officers were instructed to use citizen's arrest forms in this way").

McGees's cited cases do not compel a different conclusion.  *See* Opp. at 8:1–25 (citing *Henry v. Cnty. of Shasta*, 132 F.3d 512 (9th Cir. 1997); *Larez v. City of Los Angeles*, 946 F.2d 630 (9th Cir. 1991); *Hunter v. Cnty. of Sacramento*, 652 F.3d 1225 (9th Cir. 2011); *Monell*, 563 U.S. at 692–94; *City of Canton*, 489 U.S. at 388–90).  In *Henry*, the Ninth Circuit held that summary

United States District Court
Northern District of California

judgment for the county on plaintiff's *Monell* claim was improper because plaintiff's proffered third-party declarations, jail medical records, and own affidavit were "sufficient to raise genuine issues of material fact as to the municipal liability claim." *Henry*, 132 F.3d at 517–21. In *Larez*, the Ninth Circuit held that the jury's verdict finding official capacity liability did not constitute plain error where plaintiff presented evidence "of a departmental policy or custom of resorting to the use of excessive force" from "from the failure of [an official policymaker] to take any remedial steps after the violations." *Larez*, 946 F.2d at 646–47. And *Hunter* stands for the proposition that "evidence of a recurring failure to investigate and discipline municipal officers for constitutional violations can help establish the existence of an unconstitutional practice or custom" in a *Monell* claim. *Hunter*, 652 F.3d at 1234–35. Therefore, all three cases turned on evidence presented by the plaintiff. But as discussed, McGee fails to adduce any evidence showing that he was harmed by Defendants' municipal policy.

Accordingly, summary judgment in Defendants' favor is warranted.

## V.    CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' Motion for Summary Judgment. McGee's claim against unnamed defendants is dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: May 22, 2026

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

15