UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY MCGEE,

            Plaintiff,

    v.

THE CITY OF HERCULES, et al.,

            Defendants.

Case No. 23-cv-05161-TSH

**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60**

Re: Dkt. No. 100

## I. INTRODUCTION

Plaintiff Anthony McGee, proceeding *pro se*, brings this action against Defendants City of Hercules and Hercules Police Department (collectively, "Defendants"), alleging that Defendants violated his constitutional rights when they detained and arrested him for failing to register as a sex offender. ECF No. 1. The Court granted Defendants' motion for summary judgment and entered judgment in favor of Defendants on May 22, 2026. ECF Nos. 98, 99. Pending before the Court is McGee's Motion for Relief From Judgment pursuant to Federal Rule of Civil Procedure 60. ECF No. 100 ("Mot."). The Court finds this matter suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons stated below, the Court **DENIES** the motion.[1]

## II. BACKGROUND

**A. Factual Background**

The facts of the action are well known to the parties, and the Court has previously summarized the background of this case in its Order Granting Defendants' Motion for Summary

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 3, 12.

United States District Court
Northern District of California

Judgment.  ECF No. 98; *see McGee v. City of Hercules*, No. 23-cv-05161-TSH, 2026 WL 1455138 (N.D. Cal. May 22, 2026).  The Court incorporates by reference the factual background set forth in that order.

The following additional facts are relevant to McGee's Motion.  Attorney Philip Downs is a partner at the law firm Allen, Glaessner, Hazelwood & Werth, LLP.  Declaration of Philip J. Downs, Jr. ¶ 1 ("Downs Decl.") (ECF No. 102).  Downs, along with Attorney Dale Allen, are counsel of record for Defendants in this matter.  *Id.*  The docket in this matter reflects that Downs and Allen are counsel of record to be noticed for Defendants.  *Id.* ¶ 14; *see id.*, Ex. H (Docket Report) (ECF No. 102 at 38).  Both Downs and Allen are listed as counsel on Defendants' motion for summary judgment, and Downs signed the motion.  ECF No. 94

On April 3, 2026, Downs emailed McGee introducing himself as attorney for Defendants and initiating a discussion regarding the statement of facts for Defendants' summary judgment motion.  Downs Decl. ¶ 3; *see id.*, Ex. A (Email) (ECF No. 102 at 4).  McGee responded to this email.  *Id.* ¶ 4; *see id.*, Ex. B (Email) (ECF No. 102 at 6).

On April 23, 2026, Defendants served McGee with their summary judgment motion via USPS mail with tracking.  *Id.* ¶ 12; *see id.*, Ex. F (Mailing) (ECF No. 102 at 32); *see also* ECF No. 94-11 (Proof of Service).  As a courtesy, Defendants also served McGee with a copy of their motion via email that same day.  Downs Decl. ¶ 13; *see id.*, Ex. G (Email) (ECF No. 102 at 36).  Between April 24 and May 24, McGee initiated twenty-eight email communications to Downs regarding this action.  *Id.* ¶ 9.  On April 28, Downs had a phone conversation with McGee, and McGee "stated that he had read the Defendants' summary judgment motion, disagreed with it, and proceeded to argue several of his positions in opposition to it."  *Id.* ¶¶ 10–11.  Downs drafted a recap of the discussion and memorialized it in an email to McGee.  *Id.* ¶ 11; *see id.*, Ex. E (Email) (ECF No. 102 at 23).

## B.    Procedural Background

On October 10, 2023, McGee filed this action against the City of Hercules, the Hercules Police Department, and unnamed defendants, alleging a constitutional violation under 42 U.S.C. § 1983.  ECF No. 1.  On November 21, 2023, Defendants filed an answer to McGee's Complaint.

2

ECF No. 11.

On April 23, 2026, Defendants filed a motion for summary judgment.[2]  ECF No. 94.  On April 29, 2026, McGee filed a timely opposition to the motion for summary judgment.  ECF No. 95.  On May 4, 2026, McGee filed a "Notice of Supplemental Authority and Request for Judicial Notice" in support of his opposition to summary judgment.  ECF No. 96.  On May 22, 2026, the Court granted Defendants' motion for summary judgment and entered judgment in favor of Defendants.  ECF Nos. 98, 99.

On May 28, 2026, McGee filed the instant Motion for Relief From Judgment pursuant to Federal Rule of Civil Procedure 60.  ECF No. 100 ("Mot.").  On June 11, 2026, Defendants filed an Opposition.  ECF No. 101 ("Opp.").  On June 18, 2026, McGee filed a Reply.  ECF No. 104 ("Reply").

### III.    LEGAL STANDARD

Under the Federal Rules of Civil Procedure,

> the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. Pro. 60(b) ("Rule 60"); *see Trendsettah USA, Inc. v. Swisher Int'l, Inc.*, 31 F.4th 1124, 1136 (9th Cir. 2022) ("Rule 60(b) allows for relief from a final judgment, order, or

---

[2] Defendants filed an initial motion for summary judgment on April 2, 2026.  ECF No. 88. Because Defendants did not include a separate or joint statement of facts with that motion, the Court denied that motion without prejudice and ordered Defendants to file a revised motion by April 23, 2026.  ECF No. 92.

proceeding for any of six reasons[.]") (cleaned up).  A Rule 60 motion "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

"A court's power to vacate judgments under Rule 60(b) in order to accomplish justice is balanced against the strong public interest in the timeliness and finality of judgments." *Martinez v. Shinn*, 33 F.4th 1254, 1262 (9th Cir. 2022) (cleaned up).  "60(b) motions are addressed to the sound discretion of the district court." *Martella v. Marine Cooks & Stewards Union, Seafarers Int'l Union of N. Am., AFL-CIO*, 448 F.2d 729, 730 (9th Cir. 1971).

## IV.    DISCUSSION

McGee requests the Court vacate its Order Granting Defendants' Motion for Summary Judgment (the "Order") and "reopen the matter." Mot. at 5.  McGee argues that relief is warranted under Rule 60(b)(1), Rule 60(b)(4), and Rule 60(b)(6). *Id.* at 3.

Overall, McGee argues that the Court should vacate its Order because (1) Defendants' motion for summary judgment was not filed by counsel of record because Downs did not file a notice of appearance; (2) McGee did not discover "the appearance defect" until after the Court issued its Order; and (3) because of the appearance defect, McGee "was not served with the motion through ECF, did not receive notice, and was unable to oppose the motion."[3] *Id.* at 2. Defendants contend that McGee's Motion should be denied because (1) "Downs had full authority to file" Defendants' summary judgment motion; (2) McGee "is estopped from claiming he did not know [Downs] is counsel of record for Defendants"; and (3) McGee's "claim he never received notice of the Defendants' MSJ is false." Opp. at 1:19–2:5.

In sum, the Court concludes that vacatur of the Court's Order is not warranted.

---

[3] In his Reply, McGee argues for the first time that Defendants failed to comply with the Court's standing orders and violated Federal Rule of Civil Procedure 11(a), that Defendants' "first motion for summary judgment" was improper, and that Downs was required to file a "Substitution of Counsel." Reply at 1–2.  McGee cannot sandbag Defendants with new arguments raised for the first time in his Reply. *See VLSI Tech. LLC v. Intel Corp.*, 706 F. Supp. 3d 953, 974–75 (N.D. Cal. 2023) (declining to consider argument raised for the first time in reply brief because argument was waived); *Competitive Techs., Inc. v. Fujitsu Ltd.*, 333 F. Supp. 2d 858, 863–63 (N.D. Cal. 2004) (declining to reach arguments raised for the first time in reply brief and noting fairness concerns). The Court therefore declines to reach these arguments.

4

United States District Court
Northern District of California

### A.    Rule 60(b)(1)

McGee asserts that Defendants' summary judgment motion was procedurally defective because it was filed by Downs who did not file a notice of appearance and was thus not counsel of record for Defendants.  Mot. at 2, 4.  McGee argues that the "appearance defect" constitutes "mistake or inadvertence" because McGee could not object to the defect as he learned of it after the Court issued its Order.  *Id.*  Defendants contend that the "elements under Rule 60(b)(1) do not encompass the procedural or factual situation in this case."  Opp. at 5:3–21.

"Rule 60(b)(1) authorizes relief from judgment for mistake, inadvertence, surprise, or excusable neglect."  *Washington v. Ryan*, 833 F.3d 1087, 1098 (9th Cir. 2016) (cleaned up).  This clause applies where a party fails to make a timely filing.  *Id.*  In other words, the clause concerns "a party's failure to meet a deadline."  *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010).

Here, McGee appears to argue that his failure to object to Downs's lack of filing a notice of appearance constitutes mistake or inadvertence because McGee did not learn of the omission until after the Court issued its Order.  Mot. at 2, 4.  The Court agrees with Defendants that McGee does not show that Rule 60(b)(1) is implicated by failing to object to opposing counsel's failure to file a notice of appearance.  McGee does not argue that judgment was entered against him because of his "mistake or inadvertence in failing to timely file an opposition."  Opp. at 5:19–21.  Indeed, McGee does not point to any missed deadline.  And in fact, McGee has not missed the opportunity to object to what he considers an "appearance defect"—he is doing so in this Motion.

Accordingly, the Court's Order is not subject to vacatur under Rule 60(b)(1).

### B.    Rule 60(b)(4)

McGee argues that the Court's Order is void because it was "entered without due process."  Mot. at 3.  Defendants contend that McGee's assertion "he had no notice or opportunity to respond to the motion [for summary judgment] is false."  Opp. at 4:7–25.

Rule 60(b)(4) applies "only in the rare instance where a judgment is premised either (1) on a certain type of jurisdictional error or (2) on a violation of due process that deprives a party of notice or the opportunity to be heard."  *Fed. Trade Comm'n v. Hewitt*, 68 F.4th 461, 465 (9th Cir.

5

2023) (quoting *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010)).

Here, McGee argues that because Downs "was not on the docket," "ECF did not serve [McGee]" with Defendants' motion for summary judgment, McGee "had no notice of the motion," and McGee "had no opportunity to oppose it." Mot. at 4.  According to McGee, this constitutes a "direct violation of due process and FRCP 5(b)." *Id.*  Defendants contend that their proofs of mail service for their summary judgment motion, and the fact that McGee filed a timely opposition to the motion, belie McGee's claim that he was deprived of notice and an opportunity to be heard. Opp. at 4:7–16.  The Court agrees.

The record indicates that McGee had fair notice of and an opportunity to respond to Defendants' motion for summary judgment.  Notice satisfies due process where it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).  As a threshold issue, the docket indicates that McGee is not an ECF filer; thus, his argument that he was not served by ECF is misplaced.  Mot. at 4.  Instead, Defendants served McGee with their motion by mail and also sent a courtesy copy via email. Downs Decl. ¶¶ 12–13, Exs. F, G; ECF No. 94-11 (Proof of Service).  Later, McGee discussed the motion with Downs over the phone.  Downs Decl. ¶¶ 10–11, Ex. E.  McGee does not dispute that Defendants served him with their motion, that the service was proper, or that he discussed the motion with Downs.  *See generally* Reply.  Nor does McGee dispute that Rule 5 permits service on a party by, *inter alia*, "mailing it to the person's last known address—in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C).  Therefore, McGee fails to show that he was deprived of fair notice of Defendant's summary judgment motion.

Moreover, McGee was provided with an opportunity to respond to Defendants' summary judgment motion.  Indeed, McGee filed a timely opposition that acknowledged Defendants' motion in the opening sentence.  *See* ECF No. 95 ("Defendant's [*sic*] by and through opposing counsel, have sought to move this Court by way of motion for Summary Judgment."); Opp. at 4:10–11 ("At any rate, [McGee] timely filed an opposition to Defendants' motion[.]").

Accordingly, the Court's Order is not void under Rule 60(b)(4).

**C.    Rule 60(b)(6)**

McGee argues that "extraordinary circumstances justify relief." Mot. at 5. Defendants contend that McGee does not explain what those circumstances are and that relief under Rule 60(b)(6) is inappropriate. Opp. at 5:22–26.

A motion brought under Rule 60(b)(6) "must be based on grounds other than those listed in the preceding clauses." *Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1338 (9th Cir. 1986). "Clause 60(b)(6) is residual and must be read as being exclusive of the preceding clauses. In addition, the clause is reserved for extraordinary circumstances." *Id.* (cleaned up). "Extraordinary circumstances occur where there are 'other compelling reasons' for opening the judgment." *Bynoe v. Baca*, 966 F.3d 972, 979 (9th Cir. 2020) (citation omitted). "This clause gives the district court power to vacate judgments whenever such action is appropriate to accomplish justice." *Henson v. Fid. Nat'l Fin., Inc.*, 943 F.3d 434, 443 (9th Cir. 2019) (cleaned up).

Here, while McGee does not explicitly state what extraordinary circumstances justify relief, he argues that Defendants' summary judgment motion "was unauthorized" because "Defendants' attorney was not counsel of record and lacked authority to file motions." Mot. at 4. McGee asserts that by not filing a notice of appearance, Downs violated Civil Local Rules 5-1(c)(2) and 11-2. *Id.* The Local Rules state: "A Notice of Appearance must be e-filed whenever counsel joins a case."[4] Civ. L.R. 5-1(c)(2)(A). Defendants contend that "compliance with Local Rule 5-1 is not a grounds for reversing judgment." Opp. at 3:18–4:6.

The Court agrees with Defendants that any error in Downs's failure to file a notice of appearance was harmless. *Id.* The Court's docket lists Downs as counsel of record for Defendants; Downs reached out to McGee and introduced himself as Defendants' counsel; and McGee corresponded with Downs numerous times by email and phone about Defendants' summary judgment motion. *Id.*; *see* Downs Decl. ¶¶ 3–4, 9–11, 14, Ex. H. McGee does not

---

[4] Local Rule 11-2 applies only to counsel for the United States and is not implicated in this action. Civ. L.R. 11-2.

United States District Court
Northern District of California

United States District Court
Northern District of California

explain how he was harmed by Downs not filing a notice of appearance on the docket where McGee knew that Downs represented Defendants and was able to contact Downs. McGee's only argument is that had he objected to Downs's lack of notice of appearance prior to the Court issuing its Order, the Court would have stricken Defendants' motion for summary judgment. Mot. at 4. But McGee cites no authority for this proposition.[5] Therefore, because Downs's failure to file a notice of appearance did not prejudice McGee, this failure does not justify vacating the Court's Order. *Cf. Buccola v. Boucher*, No. 22-cv-03877-NC, 2024 WL 5455873, at *4 (N.D. Cal. Aug. 20, 2024) (rejecting plaintiff's argument that defendants' motion to dismiss must be denied due to defendants' failure to timely file notices of appearance because defendants' actions did not prejudice plaintiff).

Accordingly, relief from judgment is not warranted under Rule 60(b)(6).

## V.    CONCLUSION

For the reasons stated above, the Court **DENIES** McGee's Motion for Relief From Judgment.

**IT IS SO ORDERED.**

Dated: June 23, 2026

_____
THOMAS S. HIXSON
United States Magistrate Judge

---

[5] In his Reply, McGee posits that courts repeatedly strike unauthorized filings. Reply at 3–4. However, McGee's cited cases are inapposite. *Ghazali v. Moran* dealt with a plaintiff's failure to file an opposition to a motion to dismiss, not opposing counsel's failure to file a notice of appearance. 46 F.3d 52, 53 (9th Cir. 1995). Likewise, *Dela Rosa v. Scottsdale Mem'l Health Sys., Inc.* and *In re Est. of Ferdinand Marcos Hum. Rts. Litig.* say nothing about notice of appearances. *See generally* 136 F.3d 1241 (9th Cir. 1998); 94 F.3d 539 (9th Cir. 1996). Finally, in *United States v. High Country Broad. Co.*, the Ninth Circuit affirmed the district court's order entering default judgment against a corporation that was represented by an individual "who was not a licensed attorney." 3 F.3d 1244, 1245 (9th Cir. 1993).